Katherine Batchelor v. Commissioner.
Batchelor v. Commissioner
Docket No. 6646-65.
United States Tax Court
T.C. Memo 1966-257; 1966 Tax Ct. Memo LEXIS 30; 25 T.C.M. (CCH) 1320; T.C.M. (RIA) 66257; November 23, 1966
Katherine Batchelor, pro se, 307 W. 11th St., New York, N. Y. Richard E. Ingram, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1964 in the amount of $374. The only issue for decision is whether the petitioner provided in 1964 more than one-half of the support for her sister and her niece and nephew, so as to be entitled to dependency exemptions for them under the provisions of sections 151(e) and 152(a), Internal Revenue Code of 1954. Findings of Fact Katherine Batchelor (herein called petitioner), who resides at 307 W. 111 Street, New York City, filed her individual Federal income tax return for *31 the year 1964 with the district director of internal revenue for the district of Manhattan. During the year 1964 the petitioner's sister, Nancy Richardson, and her niece and nephew, Juanita and David Richardson, lived in Moss Point, Mississippi. Juanita was 9 years of age and David was 4 in 1964. Nancy received for the children some money from the Welfare Department of the State of Mississippi. Petitioner sent the following American Express Company money orders to Nancy: Date
Amount
February 14, 1964
$ 10.00
April 24, 1964
10.00
April 30, 1964
16.00
May 8, 1964
10.00
May 29, 1964
10.00
July 17, 1964
$ 40.00
October 30, 1964
10.00
November 20, 1964
10.00
Total
$116.00
The total amount spent for the support of Nancy and the children in 1964 is not known by petitioner. Petitioner did not provide more than one-half of the support for Nancy, Juanita, and David Richardson in 1964. Opinion In order to carry her burden of proof the petitioner must establish both the amount of support which she provided and the total amount spent for the support of her sister, niece and nephew in 1964. See Aaron F. Vance, 36 T.C. 547 (1961). The petitioner *32 has shown that she sent money orders (totaling $116) to her sister to be used for the support of the claimed dependents. However, she has completely failed to establish the total amount spent for their support. The evidence, such as it is, with respect to the total amount spent for the support of the claimed dependents is vague and inadequate. The petitioner did not know what was spent during 1964 for their food, clothing, housing, and other expenses. [1] None of them lived with petitioner. They lived in Moss Point, Mississippi. There is some indication that Nancy Richardson, who was an adult, earned some income in 1964 and received certain sums as welfare payments. But how much is neither known by the petitioner nor by the Court. Therefore, on this record, we are unable to conclude that $116 would constitute one-half the support of any of the three dependents claimed. While it is commendable that the petitioner wanted to help her sister, niece and nephew financially and that she did the best she could, there is nevertheless a failure to carry the burden of proving that respondent's determination is erroneous. Consequently, we must sustain that determination. *33 Decision will be entered for the respondent. Footnotes
1. The petitioner testified as follows: Q Do you know how much money your sister had for herself and the support of her children during the year 1964? A No. Q You have no idea how much? A No. Q Did she receive any support from anybody else? A If she did, it was from the Welfare. Q From the Welfare from the State of Mississippi? A Yes. Q Do you remember how much it was? Do you have any idea? A No. Q Excuse me, did you answer? Do you remember how much the Welfare was? How much assistance she received in 1964? A No. Q The rent, did she pay rent in 1964? A That's what I don't remember. If she was staying in the Government project she had to pay eighteen dollars a month.↩